UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CARMINE BYNES,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　Case No: 5:22-cv-17-GAP-PRL

**OPERATORS OF SHERIFFS DEPARTMENT,**

    **Defendant.**

___

**REPORT AND RECOMMENDATION**[1]

On January 12, 2022, Plaintiff, Carmine Bynes, who is proceeding *pro se*, filed a very cursory complaint against (the court presumes) the operators of the Sherriff's Department.[2] (Doc. 1). Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 3) and the court gave him until February 2, 2022 to file an amended complaint. (Doc. 4). Plaintiff has now filed a one paragraph amended complaint. (Doc. 5).

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or "seeks monetary

___

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Plaintiff wrote "opates operator officers" on the Defendant line of the complaint and "Sherriff dept" on the title of document line. (Doc. 1).

relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Here, Plaintiff's amended complaint is just as deficient as his initial complaint. The amended complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Most importantly, Plaintiff's amended

complaint does not allege that the defendant acted in violation of law. Indeed, Plaintiff's amended complaint does not state any cause of action at all. Although the plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Diversity of citizenship jurisdiction requires that the action be "between ... citizens of different States...." 28 U.S.C. § 1332(a)(1). A "plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth,* 428 F.3d 1317, 1321 n. 2 (11th Cir.2005). Here,

Plaintiff's amended complaint contains no allegations regarding the diversity of the parties despite having the opportunity to amend the initial complaint to correct this issue. Plaintiff has also failed to allege any facts suggesting that the amount in controversy exceeds the requisite $75,000. Federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978). Plaintiff's amended complaint contains no allegations regarding the violation of his rights arising under federal law. Indeed, as discussed above, Plaintiff did not state any cause of action in his amended complaint.

Accordingly, for the reasons stated above, it is recommended that Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be **denied** and the amended complaint (Doc. 5) be **dismissed**.

**DONE** and **ORDERED** in Ocala, Florida on February 2, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties